Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit brought by the plaintiff in' error, upon a promissory note executed by Mrs. Ward in November, 1S46, for the purchase of a horse, as is alleged, for the supply *491 and use of her plantation. To this the defendants pleaded cov-erture, to which the plaintiff demurred. The court overruled the demurer to the plea, but applied it to the declaration, and sustained it as to 'that, and the case thence comes to this court.
The question is as to the liability of the defendants, upon this note, under the amendment of the married woman’s law, passed in February, 1846. Hutch. Code, 498.
The act declares, “ that all contracts for the purchase of supplies for the plantation and slaves, or for the slaves alone, owned by any married woman, made by the husband and wife, or either of them, either express or implied, shall be obligatory upon the husband and wife, and may be enforced against the proceeds and income of the separate property of such married woman.’? Thq next section gives jurisdiction to the courts of common law' upon such contracts, and authorizes the suit against husband arid wife jointly.
A plantation could scarcely be cultivated without work horses or mules, and they are no doubt to be included under the term “ supplies for a plantation,” used in the statute. It would be incumbent upon the plaintiff to make out the fact, that the horse was intended for the purpose, but when so made out, we cannot doubt that the case falls within the statute. Upon the demurrer we must consider the fact to have been conceded.
The judgment must be reversed for the error in this particular, since it could only have been rendered upon the assumption that the case was not within the statute.
Judgment reversed, and cause remanded for farther proceedings. ,.